

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Attention:  Mr. O'Neal Morris

Dear Sir:

Opinion No. 0-4960
Re:  Minor may legally serve as
deputy tax assessor-collector.

Your request for opinion upon the following stated questions:

"Are minors, that is persons less than 21 years of age, qualified to serve as deputies in the office of Tax Assessor-Collector? If not, would the removal of disabilities of candidates for these appointments who are over 19 years of age enable them to qualify?"

has been received and carefully considered by this department.

Article 7252, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the assessment and collection of taxes, and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the Assessor and Collector of Taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of this Article shall do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as

binding and valid as if done by the Assessor and
Collector of Taxes in person, provided, that in
counties having a population of three hundred and
fifty-five thousand (355,000) or more according
to the last preceding Federal Census, the Assessor
and Collector of Taxes may in addition contract
with special deputies having special technical
training, skill, and experience for the purpose
of assisting him in obtaining information upon
which to base proper valuations of oil and mineral
bearing lands and properties and interests therein,
industrial and manufacturing plants, and other
properties where special technical skill and train-
ing is required. In addition thereto, such special
assistants, clerical, accounting, or stenographic,
as may be necessary to conduct the organization
herein provided for and to carry out the purposes
of this Act may be applied for and appointed in
like manner provided they shall be appointed only
for purposes consistent with this Act. In addi-
tion thereto, the Assessor and Collector of Taxes
shall be authorized to apply for the appointment
of a special head of the automobile division of
his office at a salary not to exceed Two Thousand,
Seven Hundred Dollars ($2,700) per annum. The
compensation to be paid such special deputies and
special automobile department head shall be subject
to the approval of the Commissioners Court and the
County Auditor, and limitations upon the amount of
such compensation elsewhere provided shall not ap-
ply. The contract of employment shall be for a
definite term, not extending beyond the term of
office of the Assessor and Collector, and shall
be made upon sworn application to the Commissioners
Court showing the necessity therefor, and shall be
subject to approval both as to substance and as to
form by the Commissioners Court and by the County
Auditor. Acts 1876, p. 220; G. L. vol. 8, p. 1096;
Acts 1935, 44th Leg., p. 648, ch. 262, 8 1; Acts
1939, 45th Leg., H. B. #822, 8 1."

Article 7256, Vernon's Annotated Texas Civil Stat-
utes, provides for the appointment of deputy tax assessor-
collectors in certain towns and cities. There are no age
qualifications fixed for such deputies in this statute.

Article 2971, Vernon's Annotated Texas Civil Statutes, provides for the appointment of poll tax deputies for the tax assessor-collector in certain counties. This statute does not prescribe any age qualifications for such deputies.

Article 1605, Vernon's Annotated Texas Civil Statutes, provides, among other things, for the appointment of deputy tax assessor-collectors for branch offices in certain counties. This statute does not prescribe any age qualifications for such deputies.

Article 7214, Vernon's Annotated Texas Civil Statutes, prescribes the oath that county tax assessor-collectors and their deputies must take. However, it is clearly apparent that there is nothing in it that a minor could not subscribe to.

Article 3902, Vernon's Annotated Texas Civil Statutes, provides for the appointment of deputies, assistants and clerks generally but does not prescribe any age qualifications for such appointees.

Section 7, Infants, 23 Texas Jurisprudence, p. 732, reads as follows:

"Holding Public Office.--The capacity of a minor to hold a public office seems to depend upon whether the office is a ministerial or a judicial one. The rule has been thus stated: If the office is ministerial, such as calls for the exercise of skill and intelligence only, minors may legally hold the same and execute the duties thereof; but if the office is judicial or one which concerns the administration of justice, infants may not be appointed thereto. It has been held accordingly that a minor may hold the office of deputy county clerk, there being nothing in the constitution or statutes prescribing qualifications which would render him ineligible or disqualify him."

We have been unable to find any constitutional or statutory provisions requiring age qualifications for deputy county tax assessor-collectors.

We quote from 34 Texas Jurisprudence, p. 345, as follows:

"... In so far as the decisions have dealt with the matter it is held ... that both minors and women can be deputy clerks, and a woman's eligibility is not affected by the fact that she is married." (Underscoring ours)

The case of Harkreader v. State, 33 S. W. 117, Texas Court of Criminal Appeals, holds that a minor may legally serve as a deputy county clerk.

The case of Delaney v. State, 90 S. W. 642, Texas Court of Criminal Appeals, holds that a deputy district clerk need not be a qualified voter and may be a woman. This case cited the Harkreader case, supra.

Opinion No. O-4963 of this department holds that a minor may legally serve as assistant county auditor. A copy of this opinion is enclosed herewith for your information.

You are respectfully advised that it is the opinion of this department that a minor may legally serve as deputy county tax assessor-collector. This is true irrespective of whether or not the disabilities of minority have been removed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      Wm. J. Fanning
                 Assistant

WJF:MP